[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10168
Non-Argument Calendar

_____

Agency No. A096-636-216

MICHAEL JARRETT,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 20, 2012)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Michael Jarrett, a native and citizen of Jamaica, petitions this court for review of the Board of Immigration Appeals's (BIA) denial of his motion for reconsideration of its order affirming the Immigration Judge's (IJ) pretermitting his application for adjustment of status. After a thorough review, we deny the petition.

In 2001, Jarrett entered the United States from Jamaica on a C1 visa to work on a ship as a crewman for ten months, after which he returned to Jamaica. Using the same visa, he reentered the United States in 2002, but could not find employment he liked and quickly returned to Jamaica. When Jarrett entered the United States in 2003, he again entered on his crewman's visa, but he did not plan to work, nor did he work, as a crewman. Jarrett remained in the U.S. without authorization after the expiration of his visa.

In 2005, Jarrett married a U.S. citizen and moved to adjust his status. While his application was pending, the Department of Homeland Security issued a notice to appear, charging him as removable under 8 U.S.C. § 1227(a)(1)(B), and moved to pretermit Jarrett's application for adjustment of status because Jarrett's status as a "crewman" rendered him eligible for adjustment of status. Jarrett responded that he was not in fact a "crewman" and thus was eligible to adjust status.

The IJ granted the government's motion, finding that Jarrett was ineligible

2

for adjustment of status because he was a "crewman."  *See* 8 U.S.C. § 1255(c).

Jarrett appealed to the BIA, which affirmed the IJ's decision and dismissed the

appeal on September 26, 2011.  Jarrett did not petition this court for review of that

decision.  Jarrett filed a timely motion for reconsideration with the BIA, reiterating

his previous arguments that he was not a crewman.  On December 20, 2011, the

BIA denied the motion for reconsideration.  Jarrett filed a timely petition for

review in this court on January 11, 2012, arguing that the IJ and BIA erred by

finding him statutorily ineligible for an adjustment of status.

An alien seeking review of a final order of removal must file a petition for

review in this court within 30 days of the issuance of the final order.  8 U.S.C.

§ 1252(b)(1).  The 30-day deadline is "mandatory and jurisdictional."  *Dakane v.*

*U.S. Att'y Gen*., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).  The finality of a

removal order is not affected by the filing of a motion to reconsider.  *Jaggernauth*

*v. U.S. Att'y Gen*., 432 F.3d 1346, 1350-51 (11th Cir. 2005).

Here, Jarrett failed to file a timely petition for review of the BIA's

September 26 order affirming the IJ's decision that he was statutorily ineligible to

adjust status.  Accordingly, we lack jurisdiction to review the September 26 order,

and we dismiss Jarrett's petition for review to the extent that it challenges the

determination that he was ineligible to adjust status.  *See Dakane*, 399 F.3d at

3

1272 n.3.

Additionally, in his petition for review, Jarrett fails to offer any argument challenging the denial of his motion for reconsideration.  Therefore, Jarrett has abandoned this issue.  Because the denial of the motion for reconsideration was the only issue properly before us, we deny the petition for review on this ground. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (providing that issues not raised on appeal are deemed abandoned).

**PETITION DENIED**.